SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN 188745)
mmallow@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:  424.285.8330
Facsimile:   424.204.9093

Amir Nassihi (SBN 235936)
anassihi@shb.com
Joan R. Camagong (SBN 288217)
jcamagong@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone:  415.544.1900
Facsimile:   415.391.0281

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO NUNEZ, *et al.*, | Case No. 2:24-cv-06414-HDV-E |
| Plaintiffs, | Assigned to Hon. Hernan D. Vera |
| v. | **DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF RELATED CASES (C.D. CAL. LOCAL RULE 83-1.3)** |
| TOYOTA MOTOR SALES, U.S.A., INC., *et al.*, | |
| Defendants. | |

Pursuant to the Central District Local Rule 83-1.3, Defendant Toyota Motor Sales U.S.A., Inc. ("Toyota") provides notice of the following related case:

- *Cecilia Maria Valenzuela Serrano, et al. v. Toyota Motor Sales, U.S.A., Inc., et al*, United States District Court, Central District of California, Case No. 2:23-cv-09155-MWF-PVC

Local Rule 83-1.3.1 provides that it "shall be the responsibilities of the parties to promptly file a Notice of Related cases whenever two or more civil cases filed in this District:

    (a)    arise from the same or a closely related transaction, happening, or event;

    (b)    call for determination of the same or substantially related or similar questions of law and fact; or

    (c)    for other reasons would entail substantial duplication of labor if heard by different judges."

The instant action filed by Plaintiffs and the *Serrano* action are "related" to the within the meaning of Local Rule 83-1.3.

*First,* the cases allege similar facts. Plaintiffs' general allegations in both actions concern Toyota's manufacturing and sale of hydrogen fueled vehicle model, the Mirai. (*See, e.g.*, *Serrano* Amend. Compl. (ECF No. 12), ¶¶ 1-3; *Nunez* Compl. (ECF No. 1), ¶¶ 1-5.) Relatedly, Plaintiffs in both cases chiefly complain about the hydrogen-fueling infrastructure and Mirai owners' experience with it, along with Toyota's alleged involvement in both issues. (*See, e.g.*, *Serrano* Amend. Compl. ¶¶ 3-4, 11-17; *Nunez* Compl. ¶¶ 14, 20-21.) Plaintiffs also theorize that Toyota had selfish financial motives in committing the alleged actions. (*See, e.g.*, *Serrano* Amend. Compl. ¶¶ 20, 31; *Nunez* Compl. ¶¶ 18, 24, 27, 53, 58.) Plaintiffs further assert Toyota's conduct is not only harmful to them, but detrimental to the consumers at large. (*Serrano* Amend. Compl. ¶¶ 28, 31; *Nunez* Compl. ¶¶ 68-70.) Finally, Plaintiffs jointly argue their Mirai vehicles are not as valuable as they should be because of Toyota's actions concerning the marketing, manufacturing, sale, and supporting the

infrastructure for the Mirai model. (*Serrano* Amend. Compl. ¶¶ 18-19, 21, 29; *Nunez* Compl. ¶ 71.)

*Second*, both actions assert a claim against Toyota for a breach of implied warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301, et seq. (*Serrano* Amend. Compl. at 9-11, ¶¶ 56-71 (Second Cause of Action); *Nunez* Compl. at 21-22, ¶¶ 117-122 (Fourth Cause of Action).) While the *Nunez* action involves antitrust claims not alleged in the *Serrano* operative complaint, certain Claimants in the mass arbitration arising out of the *Serrano* case (*see* ECF. Nos 34, 36), have amended their claims in arbitration to include identical antitrust claims. *See* Alex Williams Complaint attached as Exhibit 1.[1]

*Third*, Mr. Jason M. Ingber of the Ingber Law Group represents all Plaintiffs in both actions. Likewise, the same counsel represent Defendant Toyota Motor Sales U.S.A., Inc. in both cases.

*Fourth*, all of *Serrano* Plaintiffs, except for Sean Parsa, are also Plaintiffs in *Nunez*.[2]

Because the cases contain the same or similar factual allegations, legal claims, and Plaintiffs, assigning the cases to different judges will likely result in avoidable and substantial duplicative labor and waste of judicial resources. Therefore, there is good cause to assign both cases to this Court to conserve judicial resources and promote speedy, efficient adjudication of the matters.

September 24, 2024                    Respectfully Submitted,

                                      SHOOK, HARDY & BACON L.L.P.


                                      By: */s/ Joan R. Camagong*
                                          Joan R. Camagong

                                      Attorneys for Defendant
                                      TOYOTA MOTOR SALES, U.S.A., INC.

---

[1] Alex Williams is a named Plaintiff in *Serrano*, *Nunez*, and in the mass arbitration arising out of the *Serrano* action.

[2] *Serrano*'s Amended Complaint named John llamos, whereas the *Nunez* Complaint named him as John Llanos. (*See Serrano* Compl. at 2:6; *Nunez* Compl. at 3:4.)